**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JOHN CAMPBELL and JENNIFER CAMPBELL ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> THE NOEL U. BOYNES, SR. and BERNICE C. ) <br> BOYNES JOINT LIVING TRUST, CHERYL A. ) <br> BOYNES-JACKSON, TRUSTEE, CHERYL ) <br> BOYNES-JACKSON, MICHAEL A. JACKSON, ) <br> SR., NOEL U. BOYNES, SR., BERNICE C. ) <br> BOYNES, NOEL U. BOYNES, JR., ) <br> REVERE HIGH YIELD FUND, L.P., ) <br> UNITED STATES OF AMERICA, INTERNAL ) <br> REVENUE SERVICE, GOVERNMENT OF ) <br> THE VIRGIN ISLANDS BUREAU OF ) <br> INTERNAL REVENUE, AND ) <br> CATERPILLAR FINANCIAL SERVICES ) <br> CORPORATION, ) <br> Defendants. ) | 3:23-cv-_____ <br><br> Action for Debt and Foreclosure |

**COMPLAINT**

**COME NOW** plaintiffs, JOHN CAMPBELL and JENNIFER CAMPBELL, by and through undersigned counsel, and for their Complaint against Defendants: THE NOEL U. BOYNES, SR. and BERNICE C. BOYNES JOINT LIVING TRUST CHERYL A. BOYNES-JACKSON, TRUSTEE, CHERYL BOYNES-JACKSON, individually, MICHAEL A. JACKSON, SR., NOEL U. BOYNES, SR., BERNICE C. BOYNES, NOEL U. BOYNES, JR., REVERE HIGH YIELD FUND, L.P., the UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, the GOVERNMENT OF THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and CATERPILLAR FINANCIAL SERVICES CORPORATION state and allege as follows:

**I. THE PARTIES:**

1. Plaintiffs JOHN CAMPBELL and JENNIFER CAMPBELL are adult citizens of

Case: 3:23-cv-00051-RAM-GAT     Document #: 1     Filed: 10/18/23     Page 2 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*     Dist.Ct. Case No. 3:23-cv-_____
Complaint     Page 2

the State of the State of Idaho.

2.     Defendant, THE NOEL U. BOYNES, SR. and BERNICE C. BOYNES JOINT LIVING TRUST, is on information and belief, a U.S. Virgin Islands Trust, whose trustee is CHERYL A. BOYNES-JACKSON, an adult citizen of the U.S. Virgin Islands.

3.     Defendant, CHERYL A. BOYNES-JACKSON, is an adult citizen of the U.S. Virgin Islands.

4.     Defendant MICHAEL A. JACKSON, SR., is an adult citizen of the U.S. Virgin Islands.

5.     Defendant NOEL U. BOYNES, SR., is, on information and belief, an adult citizen of the U.S. Virgin Islands.

6.     Defendant BERNICE C. BOYNES, is, on information and belief, an adult citizen of the U.S. Virgin Islands.

7.     Defendant NOEL U. BOYNES, JR., is, on information and belief, an adult citizen of the U.S. Virgin Islands.

8.     Defendant the REVERE HIGH YIELD FUND, L.P. ("REVERE") is, on information and belief, a Limited Partnership, who, for purposes of diversity, is a citizen of a state or territory other than the State of Idaho. Revere's principal place of business in a State or Territory other than Idaho. Defendant Revere holds a junior lien pursuant to a Mortgage dated 4/1/15, recorded 4/22/15, Doc. No. 2015002546, given by Cheryl A. Boynes-Jackson as Trustee of The Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust to Revere High Yield Fund, LP, in the amount of $2,835,000.00

Case: 3:23-cv-00051-RAM-GAT Document #: 1 Filed: 10/18/23 Page 3 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*      Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                           Page 3

9. Defendant the UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE ("IRS") is an agency of the Department of Treasury of the Government of the United States of America. The IRS is named as a defendant, pursuant to 28 U.S.C. §2410, because it holds tax liens recorded against the property located at 18-51 Estate Enighed, No.1 Cruz Bay Quarter, St. John, U.S. Virgin Islands, which are junior and subject to plaintiff's First Priority Mortgage, recorded 1/11/11.

10. Defendant GOVERNMENT OF THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE (VIBIR), is a Division of the Government of the United States Virgin Islands, and is a defendant because it holds tax lien recorded against the property located at 18-51 Estate Enighed, No. 1 Cruz Bay Quarter, St. John, U.S. Virgin Islands which are junior and subject to plaintiff's First Priority Mortgage, recorded 1/11/11.

11. Defendant CATERPILLAR FINANCIAL SERVICES CORPORATION ("CATERPILLAR") is, on information and belief, a corporation who, for purposes of Diversity, is considered as a citizen of a State or Territory other than Idaho, and who has a Deficiency Judgment in the amount of $310,832.02, against Defendants Cheryl A. Boynes-Jackson, as Trustee of the Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust; Noel U. Boynes, Sr.; Bernice Boynes; Michael Jackson; and Cheryl Boynes-Jackson, recorded against the Property at issue herein.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1336 & 2410 as this is an action in which the United States is a defendant, and which affects real property on which United States multiple junior tax liens which plaintiffs are seeking to foreclose pursuant to their First Priority Mortgage. The Court also has jurisdiction pursuant to 28 U.S.C. §1332

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*       Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                                  Page 4

(diversity), as the parties are citizens of different States or Territories and the matter in controversy exceeds the sum of $75,000 exclusive of costs and interest. Personal jurisdiction over the defendants is proper in this District pursuant to 5 V.I.C. § 4903, as all defendant other than the United States IRS either reside in the U.S. Virgin Islands, transact business in the U.S. Virgin Islands or have recorded liens against property in the U.S. Virgin Islands. In addition, the acts and omissions and the conduct complained of occurred in St. John, U.S. Virgin Islands.

13. Venue is proper in this Division of the District Court pursuant to 28 U.S.C. § 1391 as the property at issue is located in St. John, U.S. Virgin Islands, and the wrongful acts and conduct complained of took place in St. John, U.S. Virgin Islands.

**FACTS:**

14. On or about December 10, 2010, Defendants Cheryl Boynes-Jackson, Michael A. Jackson, Sr., Noel U. Boynes, Sr. and Bernice C. Boynes (the "BOYNES DEFENDANTS") purchased that certain Property located and described as: 18-51 Enighed, No.1 Cruz Bay Quarter, St. John, U.S. Virgin Islands, consisting of 0.23 acres, more or less, as shown on O.L.G. No. D9-6282-T97 (the "PROPERTY") from plaintiffs, John Campbell and Jennifer Campbell. As part of that purchase transaction the Boynes Defendants executed and delivered to plaintiffs a Promissory Note in the original principal amount of Two Hundred Thousand Dollars ($200,000.00) ( the "NOTE"). A true and correct copy of the Note is attached as **Exhibit 1**.

15. As security for the repayment of the Note, on January 11, 2011, the Boynes defendants executed and delivered to plaintiffs a First Priority Mortgage in the original principal amount of Two Hundred Thousand Dollars ($200,000.00), and that mortgage was duly recorded on

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*     Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                                                Page 5

January 11, 2011, as Doc. No. 2011000093, with the Virgin Islands Recorder of Deeds, providing Plaintiffs John Campbell and Jennifer Campbell, with a First Priority security interest in the Property. A true and correct copy of that First Priority Mortgage is annexed hereto as **Exhibit 2**.

16. Unbeknownst to Plaintiffs, on 6/27/12, the Boynes Defendants transferred and conveyed the Property to Defendant "the Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust (the "TRUST") by Quitclaim Deed dated 6/27/12, recorded 10/23/13, Doc. No. 2013008230. That transfer was done by the Boynes Defendants without plaintiffs knowledge or consent, and was concealed from plaintiffs.

17. The Boynes Defendants transfer of the Property to the Defendant Trust violated the provisions of paragraph 15.1 of the First Priority Mortgage and was a material breach.

18. The Boynes Defendants and the Defendant Trust also improperly encumbered the Property, executing and delivering a Mortgage to Defendant Revere High Yield Fund, LP, dated 4/1/15, which was recorded 4/22/15 as Doc. No. 2015002546, in the amount of $2,835,000.00, although this mortgage is junior in priority to Plaintiffs the First Priority Mortgage.

19. Defendant IRS has recorded the tax liens listed below against the Property as a result of unpaid taxes by the following defendants:

    (a) Defendant Noel Boynes, Sr., dated 4/12/23, in the amount of $17,428.69, recorded 4/26/23, Doc. No. 2023002421;

    (b) Defendant Bernice C. Boynes, dated 4/12/23, in the amount of $14,481.62, recorded 4/26/23, Doc. No. 2023002420;

    (c) Defendant Cheryl Boynes-Jackson, dated 11/8/16 in the amount of $38,698.11, recorded 11/23/16, Doc. No. 2016008303;

    (d) Defendant Cheryl Boynes-Jackson, dated 7/2/14, in the amount of

Case: 3:23-cv-00051-RAM-GAT   Document #: 1   Filed: 10/18/23   Page 6 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*          Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                                        Page 6

    $54,338.85, recorded 7/17/14, Doc. No. 2014005691;

(e) Defendant Cheryl Boynes-Jackson, dated 6/4/14, in the amount of $38,534.59, recorded 6/16/14, Doc. No. 2014004761;

(f) Defendant Cheryl Boynes-Jackson, dated 12/31/12, in the amount of $197,548.48, recorded 1/14/13, Doc. No. 2013000228;

(g) Defendant Noel Boynes, Sr., dated 11/8/16, in the amount of $38,698.11, recorded 11/23/16, Doc. No. 2016008302;

(h) Defendant Noel Boynes, Sr. Mbr. of Breeze Shipping, LLC, dated 7/7/16, in the amount of $13,991.88, recorded 7/20/16, Doc. No. 2016005114;

(i) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 8/26/12 in the amount of $12,002.91, recorded 9/7/16, Doc. No. 2016006290;

(j) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 3/2/16, in the amount of $6,050.86, recorded 3/16/16, Doc. No. 2016001690;

(k) Defendant Noel Boynes, Sr., dated 7/2/14, in the amount of $54,338.85, recorded 7/17/14, Doc. No. 2014005690;

(l) Defendant Noel Boynes, Sr., dated 6/6/14, in the amount of $38,461.82, recorded 6/16/14, Doc. No. 2014004760;

(m) Defendant Noel Boynes, Jr., dated 6/5/14, in the amount of $3,983.44, recorded 6/9/14, Doc. No. 2014004515;

(n) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 5/1/14, in the amount of $10,359.66, recorded 5/15/14, Doc. No. 2014003772;

(o) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 10/1/13, in the amount of $60,604.05, recorded 11/5/13, Doc. No. 2013008580;

(p) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 1/13/14, in the amount of $11,323.30, recorded 1/23/14, Doc. No. 2014000489;

(q) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 8/20/14, in the amount of $937.84, recorded 9/3/14, Doc. No. 2014007083;

(r) Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 11/3/14, in the amount of $55,891.78, recorded 11/20/14, Doc. No. 2014008903;

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*                    Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                                                              Page 7

(s)   Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 10/26/15, in the amount of $146,426.99, recorded 11/9/15, Doc. NO. 2015007436;

(t)   Defendant Noel Boynes, Sr., Mbr of Breeze Shipping, LLC, dated 4/19/16, in the amount of $255.70, recorded 5/6/16, Doc. No. 2016002902;

(u)   Defendant against Bernice Boynes, dated 11/8/16, in the amount of $38,698.11, recorded 11/23/16, Doc. No. 2016008304;

(v)   Defendant against Bernice Boynes, dated 7/2/14, in the amount of $54,338.85, recorded 7/17/14, Doc. No. 2014005692;

(w)   Defendant against Bernice Boynes, dated 6/6/14, in the amount of $38,461.82, recorded 6/16/14, Doc. No. 2014004762;

(x)   Defendant against Bernice Boynes, dated 1/18/12, in the amount of $233,134.11, recorded 2/3/12, Doc. No. 2012000803;

(y)   Defendant Noel Boynes, Sr., dated 1/18/12, in the amount of $233,133.75, recorded 2/3/12, Doc. No. 2012000802;

All such IRS tax liens are junior in priority to Plaintiff's First Priority Mortgage Lien on the Property.

20.   Defendant VIBIR has recorded the following tax liens against the Property as a result of "Breeze Shipping, Inc." non-payment of Virgin Islands taxes:

(a)   Lien recorded 4/4/13, in the amount of $29,045.86, recorded 4/8/13, as Doc. No. 2013002741;

(b)   Lien recorded 5/9/14, in the amount of $31,999.02, as Doc. No. 2014003525;

(c)   Lien recorded 7/17/14, in the amount of $55,101.14, as Doc. No. 2014005707;

(d)   Lien recorded 7/17/14, in the amount of $17,075.61, as Doc. No. 2014005708;

(e)   Lien recorded 7/17/14, in the amount of $54,227.65, as Doc. No. 2014005710;

Case: 3:23-cv-00051-RAM-GAT   Document #: 1   Filed: 10/18/23   Page 8 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*       Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                        Page 8

(f)  Lien recorded 7/17/14, in the amount of $62,959.17, as Doc. No. 2014005711;

(g)  Lien recorded 9/3/14, in the amount of $10,974.92,, as Doc. No. 2014007130;

(h)  Lien recorded 1/15/16, in the amount of $24,626.79, as Doc. No. 2016000253;

(i)  Lien recorded 5/17/16, in the amount of $12,664.75, as Doc. No. 2016003115;

(j)  Lien recorded 6/30/16, in the amount of $106,084.37,, as Doc. No. 2016004411;

(k)  Lien recorded 5/31/17, in the amount of $19,976.25, as Doc. No. 2017003210;

(l)  Lien recorded 8/22/17, in the amount of $167,198.56, as Doc. No. 2017005695.

All such VIBIR liens are junior in priority to Plaintiff's First Priority Mortgage Lien on the Property.

21.  Defendant Caterpiller has a Deficiency Judgment in the amount of $310,832.02, against Defendants Cheryl A. Boynes-Jackson, as Trustee of the Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust; Noel U. Boynes, Sr.; Bernice Boynes; Michael Jackson; and Cheryl Boynes-Jackson,, which was recorded against the Property at issue herein on 5/11/23, as Doc. No. 2023002729. Caterpiller's lien is junior in priority to Plaintiff's First Priority Mortgage Lien on the Property.

22.  The Boynes Defendants, and the Defendant Trust, have failed to, among other things, make the required payments required under the Note and Mortgage when due, and are in default under the terms of the Note and First Priority Mortgage.

Case: 3:23-cv-00051-RAM-GAT   Document #: 1   Filed: 10/18/23   Page 9 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*    Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                                        Page 9

23. In addition, the Boynes Defendants and the Defendant Trust failed to pay the property taxes on the property as required, and have allowed liens to be recorded and filed against the property in violation of the terms of Plaintiffs First Priority Mortgage as more fully set forth above, which have not been withdrawn or satisfied within 30 days of their recording, including but not limited to, the Mortgage dated 4/1/15, which was recorded 4/22/15 as Doc. No. 2015002546, from Cheryl A. Boynes-Jackson as Trustee of The Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust to Revere High Yield Fund, LP, in the amount of $2,835,000.00, and the multiple tax liens more fully set forth above, and as such, are in breach of the obligations under the Mortgage and Note.

24. On August 24, 2023, Plaintiffs made a demand upon the Boynes Defendants and the Defendant Trust, in accordance with the terms of the Note and First Priority Mortgage, for payment of the overdue principal, interest, and late charges owed by said defendants, and have also demanded that said defendants cure the other aforesaid material defaults within 30 days as required by the First Priority Mortgage. A true and correct copy of the Demand Letter is attached as **Exhibit 3**.

25. Despite said demand, the Boynes Defendants and the Defendant Trust have failed to cure their defaults within the time provided, although they have not disputed the amounts owed or the defaults, and said defendants have failed to pay all principal, interest and late charges due and owing as demanded, failed to reimburse plaintiffs for the real property taxes paid by plaintiffs for the tax years 2012 through 2020, have failed to pay the real property taxes for tax years 2021 through 2023 as required, and failed to satisfy or have the multiple junior liens and tax liens withdrawn, and as a result Plaintiffs have accelerated the loan.

26. As of August 31, 2023, the Boynes Defendants and the Defendant Trust owed plaintiffs the sum of Four Hundred Thirty-Eight Thousand and Thirty Nine Dollars and No Cents

Case: 3:23-cv-00051-RAM-GAT  Document #: 1  Filed: 10/18/23  Page 10 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*   Dist.Ct. Case No. 3:23-cv-_____
Complaint   Page 10

($438,039.00) representing the delinquent and unpaid principal, interest, and late charges from the date of the last payment, which was April 27, 2015, with interest continuing to accrue at the rate of $108.00 a day until paid; together with the sum of Ten Thousand Two Hundred and Forty-Seven Dollars and No Cents ($10,247.00) owed for unpaid property taxes for the tax years 2012 through 2020, plus interest thereon at the statutory rate of 9% per annum.

27. Under the terms of the First Priority Mortgage, any unpaid taxes, assessments, fees, charges, fines or impositions paid on behalf of the Property or which shall come due and remain unpaid, shall be included in the debt evidenced by the Note and secured by the First Priority Mortgage.

28. Additionally, as stated in the Note and First Priority Mortgage, Plaintiffs are also entitled to recover their reasonable costs and expenses incurred as a result of the Boynes Defendants and the Defendant Trust's defaults and as are incurred in bringing this action, including but not limited to, their reasonable attorneys' fees and litigation expenses.

29. Plaintiffs are also entitled under both the Note and First Priority Mortgage to foreclosure against the Property.

**WHEREFORE**, plaintiffs request judgment be entered as follows:

a. judgment declaring that the Boynes Defendants, jointly and severally, and the Defendant Trust, have defaulted under the Note and Mortgage, thereby entitling Plaintiffs to exercise all of the remedies provided for in those instruments, including, without limitation, foreclosure of their First Priority Mortgage Lien covering the Property;

b. judgment declaring the amount of the outstanding unpaid obligations under the Note, including all hereafter accrued principal, interest, late charges, costs, expenses, and

Case: 3:23-cv-00051-RAM-GAT   Document #: 1   Filed: 10/18/23   Page 11 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*   Dist.Ct. Case No. 3:23-cv-_____
Complaint   Page 11

reasonable attorneys' fees;

    c.    judgment against the Boynes Defendants, jointly and severally, awarding Plaintiffs all amounts declared due under the Note including all hereafter accrued late fees, pre-judgment interest, costs and attorneys' fees;

    d.    judgment declaring that the transfer and conveyance of the Property to the Defendant Trust violated the terms of plaintiffs First Priority Mortgage, and setting aside that conveyance as a fraudulent conveyance, or in the alternative declaring that the Property remained subject to plaintiffs First Priority Mortgage after said transfer and conveyance and the Trust is jointly and severally liable, with the Boynes Defendants, for all amounts owed;

    e.    judgment adjudicating the relative priority of liens and interests covering the Property and declaring that any interest, claims or liens of the Trust, Revere High Yield Fund, LP, the Unites States of America IRS, the Government of the Virgin Islands VIBIR and Caterpiller Financial Services Corporation, and any other person or entity claiming any right title or interest in the Property which accrued after January 11, 2011, to be junior and subject to plaintiffs First Priority Mortgage lien;

    f.    judgment foreclosing all liens and junior interests against the Property and ordering the Property be seized and sold at a Marshall's sale, and that plaintiffs be paid from the proceeds of the sale all amounts due and owing under the Note and First Priority Mortgage, including, but not limited to, all sums paid by plaintiffs for real property taxes on the property and any sums which may hereafter accrue for unpaid real property taxes, fees, and assessments;

    g.    judgment declaring that the Boynes Defendants, the Trust, Revere High Yield Fund, LP, the Unites States of America IRS, the Government of the Virgin Islands VIBIR, and Caterpiller

Case: 3:23-cv-00051-RAM-GAT   Document #: 1   Filed: 10/18/23   Page 12 of 12

*John Campbell & Jennifer Campbell v. the Noel U. Boynes, Sr.*
*and Bernice C Boynes Joint Living Trust, et al.,*     Dist.Ct. Case No. 3:23-cv-_____
Complaint                                                                          Page 12

Financial Services Corporation , and all persons claiming from and under them, are barred and forever foreclosed of all right, title, lien, claim and equity of redemption in and to the Property, subject only to any applicable statutory right of redemption, except where waived and released;

    h.    judgment setting forth all of the terms and conditions of the foreclosure sale and providing that Plaintiffs may bid in all or a portion of the judgment recovered in this action;

    i.    judgment against the Boynes Defendants and the Trust, jointly and severally, for any deficiency that may remain after the sale of the Property;

    j.    judgment declaring and enforcing Boynes Defendants, and the Trust's, obligations under the Note and First Priority Mortgage;

    k.    judgment appointing a receiver, if separately requested by Plaintiffs, to take possession, custody, and control of the Property pending final disposition of this matter, pursuant to the orders of this Court;

    l.    judgment awarding Plaintiffs their reasonable attorneys fees and costs incurred in prosecuting this action; and

    m.    judgment awarding Plaintiffs such further relief as is just and equitable.

**DATED:** October 18, 2023

Respectfully submitted,
**A. J. WEISS & ASSOCIATES**

By: /s/ A. Jeffrey Weiss, Esq.
A. Jeffrey Weiss, Esq.
9800 Buccaneer Mall
Bldg 1, Suite 15
St. Thomas, U.S. Virgin Islands  00802
Telephone: (340) 777-3011
Telecopier: (340) 777-3019
E-mail: jeffweiss@weisslaw-vi.net
*Counsel for plaintiffs*